IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

**Roanoke Division**

ORLANDO LEE TRENT, #1007485/185492
a.k.a KEVIN JOHNSON,

   Petitioner,

v.             CIVIL ACTION NO. 7:10-cv-00415

TRACY S. RAY,

   Respondent.

**MEMORANDUM IN SUPPORT**

  Respondent Tracy S. Ray, by counsel, respectfully moves this Honorable Court to dismiss the pro se prisoner's 28 U.S.C. § 2241 habeas corpus Petition for the reasons stated below.

 **I. BACKGROUND**

  This matter arises from a series of criminal convictions imposed against Petitioner Orlando Lee Trent, a.k.a. Kevin Johnson, a.k.a. Kevin Rashid Johnson ("Johnson" or "Johnson/Trent"), beginning over twenty years ago. As recited in greater detail in the Affidavit of Wendy K. Brown and enclosures thereto, which are attached to this Motion as Exhibit I, Johnson was convicted of, *inter alia*, the following offenses between 1990 and 1991 by the Circuit Court for the City of Richmond:

  1. first degree murder;
  2. two counts of attempted homicide;
  3. brandishing a firearm;
  4. three counts of use of a firearm in felony;
  5. malicious wounding;
  6. firing into an occupied dwelling or building; and

       7.      criminal trespass.

<u>Exhibit 1</u>, Enclosures A-D.  Following these convictions, Johnson was incarcerated with the Virginia Department of Corrections and issued a state prison number on June 11, 1991. As Johnson admits in his petition, he has been continuously incarcerated since his 1990 convictions. <u>Petition</u>, Exhibit A at ¶ 4.

     After being incarcerated and assigned a unique prison number, Johnson committed several more crimes, resulting in convictions by the Mecklenburg County Circuit Court of possession of a weapon by an inmate (1992), felonious wounding (1995), possession of a weapon by an inmate (1996) and two counts of assault and battery on a Virginia Department of Corrections employee (1995).  <u>Exhibit I</u>, Enclosures A, E and F.  Johnson is identified both by his name and assigned prison number in each of his post-incarceration conviction orders. At current, Johnson is serving a total sentence of life plus 43 years, 13 months and 30 days.  <u>Exhibit. I</u>, ¶ 4 and is confined at the Red Onion State Prison ("Red Onion").

     At the outset, this Court should note that Johnson/Trent's petition does not indicate which of his numerous convictions he believes are erroneous and for which of these convictions he believes he is being wrongfully held due to mistaken identity.  In fact, Johnson/Trent answered "N/A" to questions on the petition from asking the name and location of the court that imposed the sentence, the case number and offenses, the date that his sentences were imposed, and whether he appealed his sentence.  <u>Petition</u>, ¶¶ C-H.  Johnson also provides no information except an "N/A" answer to the question in his petition asking for information regarding each of his appeals. <u>Petition</u>, ¶ I. Johnson claims that he has "never been convicted of not sentenced for a crime."  <u>Petition</u>, ¶L3 despite admitting in his affidavit that "I was initially arrested and imprisoned on June 4, 1990, based upon criminal charges found or filed against someone who

2

was not and is not me." Petition, Exhibit A at ¶ 4. It is clear that Johnson/Trent has been tried, convicted and continuously incarcerated since at least 1991 for a wide range of criminal offenses and that Johnson has added to this list while in prison.

Despite Johnson's refusal to provide any meaningful information in support of his petition, this Office is familiar with Offender Johnson's contention that he really is Orlando Trent because Johnson has made the exact argument that he now makes in a 2008 state habeas petition, as discussed below. The Richmond City Circuit Court already has examined Johnson's mistaken identity claim and rejected these claims as frivolous. Both the Virginia Court of Appeals and Virginia Supreme Court also reviewed this claim and affirmed the Circuit Court's dismissal of this frivolous claim.

On July 27, 2008, Johnson filed a petition for a writ of habeas corpus in the Circuit Court for the City of Richmond, alleging that he actually was Orlando Lee Trent and claiming that he had been falsely convicted and imprisoned as a result of mistaken identity. This case proceeded under Case Number CL08-3593. Because Johnson/Trent's contentions and affidavits in that case are substantively identical to those in the present action, Respondent attaches the pleadings and orders from that matter hereto as Exhibit II, and asks the Court to examine the findings of the various Virginia Courts that already have addressed Johnson/Trent's current contention in its first iteration.

On September 16, 2008, attorneys from this Office filed a motion to dismiss the state habeas case, pointing out that Johnson/Trent's petition was filed more than fifteen years after the expiry of Virginia's state habeas statute of limitations and that Johnson's claim of mistaken identity was groundless in light of the overwhelming evidence—including Johnson's own admission—that he was the person brought before the court and sentenced. See, Exhibit II,

3

Motion to Dismiss. After considering Johnson/Trent's claims, the Richmond Circuit Court dismissed the habeas petition in an Order that specifically found Johnson/Trent's claim to be frivolous and which assigned Johnson/Trent a "strike" under the Virginia Prisoner Litigation Reform Act for filing a frivolous suit.  See, Exhibit II, Order Entered on October 14, 2008 by the Richmond City Circuit Court.

The Richmond City Circuit Court's order dismissing Johnson/Trent's claim as frivolous was affirmed by the Virginia Supreme Court on May 11, 2009.  Exhibit II, Order Entered On May 11, 2009 by the Virginia Supreme Court.

Johnson/Trent's current petition alleges that he has been imprisoned for nearly two decades "with no criminal charges found or filed against me and I have never been convicted of nor sentenced for any crime…." Petition, section J.  In an affidavit attached as Exhibit A to the Petition, Johnson explains, "   Johnson admits, "I was arrested and confined under the name Kevin Johnson…". Id. at ¶ 6.  This is the same claim that was rejected as frivolous by Virginia Courts and a brief comparison of the record contained in Exhibit II with Johnson/Trent's pleadings in the instant case will reveal that Johnson offers no new arguments or evidence in the present proceeding.[1]  In any event, Johnson/Trent's Petition regarding his fifteen to twenty-year-old convictions is grossly untimely under 28 U.S.C. § 2244(d)(1) and this Court need not reach the merits of Johnson/Trent's Petition.

## II.     ARGUMENT

### A.     Johnson's Petition Seeks Relief From State Court Convictions and Should Be Treated As a Petition for Habeas Corpus Pursuant to 28. U.S.C. § 2254 Notwithstanding His Use Of A 28 U.S.C. § 2241 Form In His Initial Pleadings.

---

[1] This petition marks the second time that Johnson has applied for habeas relief in this Court.  On December 15, 2009, Johnson filed a Petition for Habeas Corpus in this Court that was substantively identical to the present petition.  However, Johnson voluntarily dismissed that case before the Court could rule on a Motion to dismiss.  This Court may take notice of that case, which proceeded under Case Number 7:09-cv-00500-JLK.

4

The basis of Johnson's current petition is his assertion that his "imprisonment since June 11, 1991 has been falsely justified by my custodians falsely imputing against me criminal convictions which were adjudicated [against] one or more persons name Kevin Johnson who was not and is not me…" Petition, Exhibit A at ¶ 7. Johnson further explains that "I was arrested and remain confined under the name Kevin Johnson," that he was "identified by a civilian bystander who was under duress" and that he has "remained continually confined from that date [June 4, 1990] until now. Petition, Exhibit A at ¶¶ 4,5,6. Thus, despite Johnson's meretricious claim that he has never been charged, convicted or sentenced for a crime, Johnson's own admissions demonstrate that he is seeking relief from state confinement for sentences imposed by a state court.

Title 28 of the United States Code, the federal Rules governing § 2254 cases, and interpretive case law all mandate that a state prisoner seeking relief from a state sentence proceed under 28 U.S.C. § 2254 -- and not through a § 2241 petition -- regardless of which form a prisoner uses to file his petition. See, 28. U.S.C. § 2254; Childs v. Johnson, 2010 U.S. Dist. LEXIS 131058 (E.D. Va. Dec. 10, 2010) ("Although [the petitioner] has used the form for a habeas petition pursuant to 28 U.S.C. § 2241, *he is incarcerated pursuant to the judgment of a Virginia court and must therefore proceed under 28 U.S.C. § 2254.*") (emphasis added) (citing Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004); Harley v. South Carolina, 2007 U.S. Dist. LEXIS 65226 at *2 (D.S.C. Sept. 4, 2007)). The requirement that prisoners confined pursuant to a state court judgment proceed under § 2254 is grounded in two considerations: (1) the common sense notion that it is the substance of the relief sought and not the caption typed on the prisoner's form that should control the inquiry, and (2) allowing a prisoner to select which federal habeas statute he prefers to use would render meaningless the procedural requirements

5

for habeas relief that Congress has deemed fit to enact (e.g. exhaustion of remedies and statute of limitations) and effectively subordinate Congressional intent to the desires of any given petitioner:

> If § 2254 were not a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing " § 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

Thomas v. Crosby, 371 F.3d 782, 786-787 (11th Cir. 2004) (quoting Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003). See also, Williams v. O'Brien, 2008 U.S. Dist. LEXIS 57725 (W.D. Va. July 30, 2008) ("petitioners are not permitted to circumvent the procedural requirements and gate-keeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241."); Boyd v. O'Brien, 2008 U.S. Dist. LEXIS 39182 (W.D. Va. May 13, 2008) (same); Woodfin v. Angelone, 213 F. Supp. 2d 593, 595 (E.D. Va. June 11, 2002) (same); McLean v. Smith, 193 F. Supp. 2d 867, 872 (M.D.N.C. 2002); Rochester v. Reynolds, 2010 U.S. Dist. LEXIS 99863, 5-6 (D.S.C. Sept. 21, 2010) ("If Petitioner could skirt the limitations period that easily, all petitioners who slumbered on their rights would simply file § 2241 petitions, thereby rendering the one-year limitations period inconsequential."); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); Dalton v. W. Va. Parole Board., 2009 U.S. Dist. LEXIS 123428 (D. W. Va. Dec. 8, 2009).

This Court has the authority to construe Johnson/Trent's improper § 2241 petition as one filed pursuant to § 2254 rather than dismissing it outright. See, U.S.C. § 2254 Cases Rules, R. 1;

6

Goff v. O'Brien, 2010 U.S. Dist. LEXIS 14410, N.1. (W.D. Va. Feb. 18, 2010) (holding that Rule 1 of the rules governing § 2254 Cases allows a district court to apply § 2254 rules to petitions styled as § 2241 petitions). Therefore, this Court can and should treat Johnson/Trent's petition as a § 2254 petition.

### B. Johnson Petition Is Time Barred And Must Be Dismissed.

Johnson's petition for habeas relief is untimely and should be dismissed. 28 U.S.C. § 2244 provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1). The 1-year statute of limitations codified in this section unquestionably is applicable to habeas petitions seeking relief against state convictions. Id.("A 1 year period of limitations shall apply to an application… by *a person in custody pursuant to the judgment of a state court.*") (emphasis assed); See, Parmaei v. Jackson, 378 Fed. Appx. 331, 332 (4th Cir. 2010)(There is a one-year statute of limitations for § 2254 petitions); Thornton v. Watson, 2010 U.S. Dist. LEXIS 23611 (W.D. Va. 2010) ( "Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1)"). Because Johnson/Trent seeks relief from state court convictions, his claim is barred if it was made one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2]

Johnson/Trent received his convictions from the Circuit Court for the City of Richmond on June 19, 1990, November 9, 1990 and March 1, 1991, respectively. Exhibit 1, Enclosures A.

---

[2] The equitable tolling provisions contained 28 U.S.C. § 2244(d)(1)(B) is not applicable in the instant action because Johnson/Lee does not allege that his ability to file this petition was impeded by unconstitutional state action.

7

Johnson/Trent's post-incarceration convictions from the Circuit Court for the County of Mecklenburg were issued on September 5, 1995 and August 23, 1996.  See, Exhibit 1, Enclosures A.  While it is not clear which of these convictions Johnson challenges, Johnson does not even suggest that he appealed any of them, much less presented the misidentification argument at the time.  However, even with tolling allowances made for any appeals, Johnson's conviction must be time barred by more than a decade.  Even if this Court were to give the benefit of commencing the running the statute of limitations from the date that the Virginia Supreme Court dismissed Johnson/Trent's habeas appeal on May 11, 2009 (plus an additional thirty days to seek review), Johnson's September 17, 2010 Petition still would be outside the one year limit mandated by 28 U.S.C. § 2244(d)(1).  Respondent does not mean to suggest that this Court should construe Johnson's limitations period as commencing upon the expiry of his state habeas petition. Under § 2244, Johnson's one year statute of limitations would begin to run upon the conclusion of *direct* review of his criminal convictions.  28 U.S.C. § 2244(d)(1)(A) ("the date on which the judgment became final by the conclusion of direct review").  State remedies such as a habeas petition could, at most, toll the limitations period.  28 U.S.C. § 2244(d)(2).  Respondent presents the date that the Virginia Supreme Court rejected Johnson's petition solely to illustrate that the present petition is so grossly untimely, that it would not fall within the limitations period under any set of facts or interpretation of law.  Accordingly, this Court should dismiss Johnson/Trent's petition in its entirety as grossly untimely.

    **C.**    **Assuming *Arguendo* That Johnson/Trent's Petition Is Not Procedurally Barred, The Petition Lacks Merit And Should Be Dismissed.**

After more than twenty years of using the name Kevin Johnson, Johnson has for some inexplicable reason, decided that he now desires to be known as Orlando Lee Trent.  Because Johnson or "Trent," as he is now to be called was arrested, convicted, incarcerated and then

8

convicted again under the name Kevin Johnson, Petitioner argues that his incarceration is illegal and invalid. Through this line of reasoning, Johnson/Trent now claims that he has never been arrested, charged, convicted or sentenced for any crime. Petition, Exhibit A at ¶ 4. The Circuit Court for the City of Richmond already has considered this argument and found it to be frivolous. This finding was upheld by the Virginia Court of Appeals and the Virginia Supreme Court. See, Exhibit II, Order Entered on October 14, 2008 by the Richmond City Circuit Court and subsequent affirming orders by the Virginia Court of Appeals and Virginia Supreme Court. Johnson's claim is no less frivolous when repeated here today.

As in his previous petition to this Court, Johnson does not suggest for even a moment that he was not the individual present in the courtroom in 1990 who was tried and convicted; indeed, Johnson/Trent readily admits this fact in the affidavit attached to his present petition. Petition, Exhibit A at ¶ 5 ("I was initially arrested and imprisoned on June 4, 1990.") Johnson further admits that "I was arrested and confined under the name Kevin Johnson…". Id. at ¶ 6. Johnson was even more forthcoming in a previous state court mandamus action initiated by Johnson using the same arguments as here. A copy of Johnson's mandamus petition, affidavit and the subsequent order dismissing this claim are attached hereto as Exhibit III. In an affidavit attached to that petition, Johnson—using the name "Orlando Lee Trent"—admitted that "I am the person who was brought before this Court on December 8, 2008 and charged as the Defendant in this Case of Commonwealth of Virginia v. Kevin Johnson, Case No. F08-688". See, Exhibit III, Affidavit of Orlando Lee Trent at ¶ 1.[3] The substance of the charges in Case No F08-688 and the course of Johnson Trent's 2010 mandamus petition are not here relevant and Respondent will

---

[3] Respondent has refrained from reciting the exhaustive list of various state and federal court pleadings wherein this Petitioner argued that he has is not Kevin Johnson and that convictions rendered against him under that name are invalid. However, this Court should note that the Court of Appeals dismissed the mandamus iteration of this argument. And that a copy of the order of dismissal is included in Exhibit III.

9

not further discuss them.  However, Johnson/Trent's sworn admission that he was charged with a crime and appeared in court for that crime is relevant to the extent that it plainly contradicts his current sworn testimony.  A comparison of these two affidavits should be sufficient to demonstrate that Johnson/Trent's testimony is not credible and that his arguments before this Court are specious.

Even ignoring the numerous contradictions between Johnson's sworn testimony in this case (which is itself internally inconsistent) and his previous sworn testimony, there can be no doubt that the current Petitioner is the person who was arrested, convicted and sentenced by the Richmond and Mecklenburg Courts and who has been continuously incarcerated since 1990. Petition, Exhibit A at ¶ 4.   Lest there be any doubt regarding Johnson/Trent's identity, his post-conviction sentences for malicious wounding of correctional officers and possession of a firearm bear his unique prison identification number as well as his name on the sentencing orders. Exhibit I, Enclosures E and F.

Wendy Brown testifies that offenders are incarcerated under the name appearing on the sentencing order of the convicting court. Exhibit I at ¶ 4.  Therefore, if Johnson provided arresting officers and the sentencing court with an alias, then the alias would appear on the sentencing order.  Johnson's alias of "Orlando Trent Green" is noted in Johnson's VDOC file. Exhibit I at ¶ 4. While Johnson's birth name may indeed be Orlando Lee Trent, he has been content to use the name "Johnson" for more than twenty years and cannot now be heard to complain.  What Johnson/Trent here attempts is to use his several aliases as the legal equivalent of a *Picture of Dorian Gray* under the mistaken belief that his crimes and convictions will be imputed to his alias while he remains insulated from their consequences under the safety of a different name. Such a contention is absurd and cannot form the basis for habeas relief.

Habeas relief from a state court judgment is available only where the petitioner demonstrates that the state court proceedings. " (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law…; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Moreover, "a determination of a factual issue made by a State court shall be *presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.* 28 U.S.C.§ 2254(e)(1)(emphasis added).  In the present case, Johnson/Trent does not allege that his conviction was contrary to the United States Constitution or federal law and has not even suggested that he presented the argument made here at his state court criminal trials or on direct appeal.[4]  Johnson/Trent's sole basis for seeking habeas relief is that he was misidentified at one or more of the dozen criminal trials in which he admits that he was actually present under one of his aliases while denying that he has ever been charged or convicted. Despite the patent absurdity of this claim, Johnson/Trent nonetheless has been afforded ample opportunity to present his argument that he really is Orlando Lee Trent and has never been charged with or convicted of a crime.  This claim has been rejected as frivolous and such determination was upheld on appeal. See, Exhibit II. These judgments are presumed correct and Johnson/Trent has not brought forward any new claims or evidence justifying habeas relief. Accordingly Johnson/Trent's petition should be dismissed.

### III.     CONCLUSION

---

[4] For this reason alone, Johnson's claim would be fatally defective. Johnson v. Muncy, 830 F.2d 508, 510 (4th Cir. (Va.) 1987)("[F]ailure to raise a claim on appeal in accordance with applicable rules of state appellate procedure bars the claim in collateral federal habeas proceedings, absent cause and prejudice."); Slayton v. Parrigan, 215 Va. 27, 30, 205 S.E.2d 680, 682 (Va. 1974) ("A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction.").

Johnson seeks relief from state court convictions. Therefore, his petition is governed by 28 U.S.C. § 2254. The statute of limitations for seeking the requested relief is one year from the date that his conviction became final. 28 U.S.C. § 2244(d)(1). Johnson's Petition, filed in 2010, is grossly untimely. Accordingly, his petition should be dismissed. Should this court reach the merits of Johnson's claim, this petition still should be dismissed. Johnson has failed to bring forward any evidence in support of his claim for habeas relief except for self-contradictory testimony that could be relevant only if this Court adopted Johnson's absurd legal theory of insulation by alias. This petition is frivolous, has been found frivolous by Virginia courts and should be rejected by this Court as such.

Accordingly, the Respondent respectfully requests the Court to find that the present habeas corpus action is barred by the one-year federal statute of limitations and to dismiss this action. To the extent that this Court deems it appropriate to reach the merits of Johnson's petition, Respondent requests that this Court deny the petition as unfounded and frivolous.

                Respectfully submitted,

                TRACY S. RAY

By:   s/ Christopher D. Supino
       Christopher D. Supino, VSB #74225
       Assistant Attorney General
       Public Safety & Enforcement Division
       Office of the Attorney General
       900 East Main Street
       Richmond, Virginia 23219
       (804) 786-5630
       (804) 786-4239 (Fax)
       E-mail: csupino@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2011, I electronically filed the foregoing Memorandum in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: N/A, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants: Kevin Johnson, #1007485, Red Onion State Prison, P.O. Box 1900, Pound, Virginia 24279.

s/ Christopher D. Supino
Christopher D. Supino, VSB #74225
Assistant Attorney General
Public Safety & Enforcement Division
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-5630
(804) 786-4239 (Fax)
E-mail: csupino@oag.state.va.us