IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

KEVIN JOHNSON,

      Petitioner,

v.                                  Civil Action No. 7:10cv00415

TRACY S. RAY,

      Respondent.

## AFFIDAVIT

State of Virginia, City of Richmond, to-wit:

WENDY K. BROWN, first being duly sworn, states as follows:

1.      I am the Manager of Court and Legal Services for the Virginia Department of Corrections (VDOC). Court and Legal Services is responsible for maintaining inmate time computation records as well as computing inmates' terms of imprisonment and projecting the discretionary parole eligibility, mandatory and good time release dates.

2.      The information contained in this affidavit is based on personal knowledge and records maintained in the regular and ordinary course of business.

3.      I am generally aware of the allegations in the lawsuit filed by inmate Kevin Johnson, #1007485/#185492, who claims that he was misidentified, convicted and incarcerated for crimes that he did not commit. He states that his true identity is Olando Trent, and he is wrongly incarcerated for crimes committed by Kevin Johnson.

4.      Offenders confined in the VDOC, serve their sentences under the name written on the court's sentencing orders. This name may be an alias that the offender was using at the time of his arrest and conviction. According to VDOC records, Johnson has

used various aliases including Rashid Trent, Kavin Johnson, Orlando Trent and Rashid Johnson. Although Johnson indicates that Olando Trent is his birth name, he will continue to serve his sentences as Kevin Johnson as this was the name under which he received his criminal convictions.

5.      Kevin Johnson's original convictions as imposed by the Circuit Court for the City of Richmond include trespassing, brandishing a firearm, use of a firearm in the commission of a felony, malicious wounding, firing into a dwelling or building, first degree murder, use of a firearm in the commission of murder, two counts of attempted homicide and two counts of use of a firearm in the commission of attempted murder. Copies of the Sentencing Orders are attached as Enclosure A.

6.      Since he was originally received by the VDOC on June 11, 1991, Johnson has committed additional crimes as an inmate including felonious wounding, possession of a weapon while a prisoner and two counts of assault and battery of an employee of a state correctional facility. Johnson is serving a total sentence of life imprisonment plus 43 years, 13 months and 30 days. A copy of the Sentence Summary is attached as Enclosure B.

7.      To the best of my knowledge, Johnson's time computation record has been accurately computed in accordance with appropriate Virginia statutes. His anticipated discretionary parole eligibility date is March 3, 2010. Johnson is not eligible for

mandatory parole release. A copy of the Summary Audit is attached as Enclosure C.

WENDY K. BROWN

_Wendy K. Brown_
Affiant

Sworn and subscribed to before me, a Notary Public, in and for the City of Richmond, on this ____2____ day of February, 2011.

_Lesley A. Ritenour_
Notary Public

My commission expires: _December 31, 2014_



COURT AND LEGAL SERVICES

JUN 12 1991

## DISPOSITION NOTICE

| | |
|---|---|
| NAME ........ Kevin Johnson ............................. | JURISDICTION  Manchester |
| STREET ADDRESS ................................................... | ☒ GEN. DIST. CT. (CRIMINAL)<br>☐ GEN. DIST. CT. (TRAFFIC)<br>☐ GEN. DIST. CT. (CIVIL)<br>☐ J & DR DIST. CT.<br>☐ CIRCUIT COURT |
| CITY ..................... STATE ................. | |

☐ Certified to grand jury
☐ Juvenile transferred to circuit court for trial as adult
☒ Convicted of  Brandish firearm

CASE NO. ........ GC90003221

SENTENCE   12 mos/ 8 mos. susp.

☐ ____4____ months _____ days to be served in jail
(See Instructions on reverse side)

Special conditions: ☐ Weekend confinement  ☐ Work release

☐ Juvenile sentenced to jail pursuant to § 16.1-284.

☐ Other:................................................................. ☐ see back

☐ Commitment to the Department of Corrections

Appeal noted? ☐ no    ☐ yes and   ☐ not eligible for bail

☐ $ ........................................ appeal bail bond-other terms: ☐ see back

.......6-19-90......    _____    ☐ CLERK
DATE                                                              ☐ JUDGE

FORM DC-356 5/88 (114:9-016 11/89)                        G. L. Rupe

Enclosure  A

COURT AND LEGAL SERVICES

# DISPOSITION NOTICE

JURISDICTION

~~Manchester~~

- [XX] GEN. DIST. CT. (CRIMINAL)
- [ ] GEN. DIST. CT. (TRAFFIC)
- [ ] GEN. DIST. CT. (CIVIL)
- [ ] J & DR DIST. CT.
- [ ] CIRCUIT COURT

CASE NO. ..... GC9003220

NAME ..... Kevin Johnson

STREET ADDRESS ..... 2904 ~~EP~~ Lynhaven Ave.

CITY ... Richmond ..... STATE ... VA.

- [ ] Certified to grand jury
- [ ] Juvenile transferred to circuit court for trial as adult
- [XX] Convicted of    Trespass

SENTENCE

[ ] ..... months ... 30 ..... days to be served in jail

(See Instructions on reverse side)

Special conditions:  [ ] Weekend confinement  [ ] Work release

- [ ] Juvenile sentenced to jail pursuant to § 16.1-284.
- [ ] Other: ..... [ ] see back

- [ ] Commitment to the Department of Corrections

Appeal noted? [ ] no   [ ] yes and  [ ] not eligible for bail

[ ] $ ..... appeal bail bond–other terms: [ ] see back

..... 6-19-90
      DATE

G. L. ~~Pugh~~

- [ ] CLERK
- [ ] JUDGE

FORM DC-356 5/88 (1149-016 11/89)

Virginia:

In the Circuit Court of the City of Richmond, John Marshall Courts Building

the          9th          day of    November     1990

COMMONWEALTH

vs     Indictment for Firearm/Felony F-90-2882
       Indictment for Malicious Wounding F-90-2883
       Indictment for Shooting Into An Occupied Dwelling F-90-2884

KEVIN JOHNNSON, Dft.

The defendant was this day led to the bar in the custody of the Sheriff of this City.  He was represented by Attorney Kevin Schork, appointed counsel; and the Commonwealth was represented by Harry M. Johnson, Jr.  The defendant consented to having these cases tried simultaneously.

Being arraigned, the defendant pleaded guilty to using or displaying in a threatening manner, a firearm, while, during and in the commission of a malicious wounding, as charged in Indictment F-90-2882; he pleaded guilty to malicious wounding, as charged in Indictment F-90-2883; and he pleaded guilty to shooting into an occupied dwelling, as charged in Indictment F-90-2884, after consultation with counsel.  Whereupon the Court inquired of the defendant if he had been advised of, and fully understood the significance of his pleas of guilty, to which inquiry the defendant answered in the affirmative, and the Court accepted said pleas of guilty.  The evidence in each case having been summarized by the Assistant Attorney for the Commonwealth, and stipulated by the defendant, the Court finds the defendant guilty as charged in each Indictment, and in accordance with a plea agreement filed herein, the Court doth suspend the imposition of sentence, during

COMMONWEALTH V. KEVIN JOHNSON, Dft.                    Page Two

the defendant's good behavior in the case of F-90-2884, and he is
placed on supervised probation.  In the case of F-90-2882, the
Court doth ascertain the defendant's term of confinement in the
State Penitentiary at Four Years, and in the case of F-90-2883,
the Court doth ascertain the defendant's term of confinement in
the State Penitentiary at Ten Years.

        Whereupon it being demanded of the said defendant if
anything for himself he had or knew to say why the Court should
not now proceed to pronounce judgment against him according to
law, and nothing being offered or alleged in delay thereof, it is
the judgment of this Court that the said Kevin Johnson be confined
in the State Penitentiary for one term of Four Years, and one term
of Ten Years, these being the periods ascertained by the Court in
the cases of F-90-2882 and F-90-2883.  The execution of six years
of the said Penitentiary sentence given in the case of F-90-2883
is suspended during the defendant's good behavior.  The Four Years
given in the case of F-90-2882, and the remaining Four Years given
in the case of F-90-2883 are to run consecutively with each other.
However, these sentences are to run concurrently with time
received in this Court at the Manchester Courthouse.  The
defendant is placed on supervised probation; and he is to pay his
costs of Court in these cases totaling $1,098.00, the payment of
said costs to be arranged by his Probation Officer.

        It is further ordered that the defendant shall receive
credit for all time previously spent in Jail on these charges, if
any.

COMMONWEALTH V. KEVIN JOHNSON, Dft.                    Page Three

    Pursuant to Section 19.2-310.2 of the Code of Virginia,
1950, as amended, it is ordered that a sample of the defendant's
blood be taken forthwith for DNA analysis.

    It is ordered that the Sheriff of this City when required so
to do, deliver the said defendant from the Jail of this City to
the Warden of the State Penitentiary, in said Penitentiary to be
confined and treated in the manner prescribed by law.

    Thereupon the defendant was remanded to Jail.

DOB:  12/3/71
D/Offense/s: 4/22/90


November 9, 1990          ENTER: _Thomas N. Nance_____

                                  Thomas N. Nance, Judge


                          A Copy,
                          Teste:  IVA K. FORD, Clerk

                          By _Barbara C. Wise_____ D.C.

Virginia:

In the Circuit Court of the City of Richmond, Manchester Courthouse

the        1st        day of        March,        19 91.

Commonwealth of Virginia,        plaintiff,)
                                            )        Order –
against                                     )        Case No. 90-696-F
                                            )        through 90-698-F
Kevin Johnson,                  defendant,)
(D.O.B. 12/3/71)
(Date of Offenses:  6/4/90)

        Kevin Johnson, who on October 29, 1990, was found guilty

by a jury of six (6) felonies in the above cases, but against

whom the fixing and imposition of sentences were delayed pending

a pre-sentence report by the Probation and Parole Department of

this District filed herein on December 7, 1990, and a motion to

set aside the jury verdicts, this day was led to the bar in the

custody of the Sheriff of the City of Richmond, and also appeared

Craig Cooley, his Attorney at law, and Robert Trono, an Assistant

Attorney for the Commonwealth, and Barbie Burfoot, his Probation

Officer.

        Whereupon, the Court proceeded to hear further argument

of counsel as to the defendant's motion to set aside the jury

verdicts, and having fully considered the same, doth deny said

motion.

        Thereupon, after allocution of the defendant, it is

Ordered by the Court in accordance with the jury verdicts, that

the defendant be confined as follows:

(Case No. 90-696-F) Life in the penitentiary on the conviction

of the 1st degree murder of John H. Scholl, and two (2) years

in the penitentiary on the conviction of using a firearm in the

commission of the murder of John H. Scholl;

(Case No. 90-697-F) ten (10) years in the penitentiary on the conviction of attempted murder of Joseph Pieratti, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Joseph Pieratti; and

(Case No. 90-698-F) ten (10) years in the penitentiary on the conviction of attempted murder of Jonathan Beatty, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Jonathan Beatty.

Whereupon, it being represented to the Court that the defendant intends to appeal the judgments of this Court to the Court of Appeals of Virginia, and the Court having determined the defendant to be indigent, it is Ordered that Craig Cooley, Attorney at law, be appointed to represent the defendant on his appeal, and that the Court Reporter prepare a transcript of the hearings in these cases at the expense of the Commonwealth and file with the Clerk according to law.

It is further Ordered that the Commonwealth do recover of the defendant her costs incident to these proceeding, and that the defendant be remanded to the custody of the Sheriff of this City to be dealt with according to law.

Enter this Order,

_____ Judge

Ent. Law O.B.        pg.

A COPY TESTE:
IVA R. PURDY, Clerk

By:_____
Deputy Clerk

BOOK 63 PAGE 597

VIRGINIA: IN THE CIRCUIT COURT OF MECKLENBURG COUNTY

COMMONWEALTH OF VIRGINIA

VS - FELONY - JURY  ASSAULT ON EMPLOYEE                CR94-233-00

KEVIN JOHNSON, #185492

SS# 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

    This day came the Attorney for the Commonwealth, Charles G. Butts, Jr., court appointed attorney for the defendant, and the defendant, Kevin Johnson, #185492, dob 12-3-69, who stands indicted for a felony, to-wit: On or about the 13th day of March, 1994, did unlawfully and feloniously while a prisoner in a correctional facility knowingly and willfully inflict bodily injury on Lt. Thomas F. West, an employee thereof, in violation of Section 18.2-55, as amended, and all parties announced that they were ready for trial.

    Whereupon the accused was arraigned and the defendant refused to respond and the Court entered a not guilty to the indictment on behalf of the defendant and counsel for defendant, who requested trial by jury.

    Counsel for the defendant moved the Court to find the defendant incompetent to stand trial for the reasons stated to the record, which motion was denied.

    WHEREUPON the Court then impanelled twenty qualified jurors and Juror Pansy Ezell Overton was excused for cause on motion of counsel for the defendant, and a replacement was called.  Whereupon the Attorney for the Commonwealth and the defendant each alternately exercised their rights to strike the names of four veniremen from the panel, as provided by law, and the remaining twelve jurors constituting the jury for the trial of the

CR94-233
JOHNSON                  BOOK   63 PAGE 598

defendant, were duly sworn as follows:   Woodrow Wilson Williams, Alice Althea White

Thomas, Luetta Rogers Thomas, Juanita Lacks Broughman, George Edward Newton, Jennie

Eva Pool, Angela Renee McBee, Steven Allen McCargo, Ronald Dean Grant Margaret S.

Frazier, Linda Wilson Lawson and Dwight Emerson Elam.    At the conclusion of the

Commonwealth's evidence, the defendant represented that he would present no evidence.

The Court, upon observing misconduct of the defendant and having been informed by the

defendant of his intention to continue to disrupt the proceedings, ORDERED the defendant to

be removed from the courtroom.   Counsel for the accused renewed his motion that the Court

find the defendant incompetent to stand trial for the reasons stated to the record, which

motion was again denied.    Counsel for the defendant then moved to strike the

Commonwealth's evidence for the reasons stated to the record, which motion was denied and

objection was noted.   After the instruction of the court, the jurors were sent to the jury room

to consider their verdict.    They subsequently returned their verdict in open court, in the

following words:


>        "We, the jury, find the defendant guilty
>     of injuring a employee of a state correc-
>     tional facility.
>
>                   /s/ Dwight E. Eden
>                      Foreman"

CR94-233
JOHNSON                BOOK   63 PAGE 599

Upon motion of the attorney for the defendant, the jury was polled as to whether the stated verdict accurately and correctly reflected their verdict, and all twelve (12) responded in the affirmative.

The Court then heard evidence pertaining to the sentence to be imposed on the verdict. After hearing the instructions of the Court and the argument of counsel, the jurors were sent to the jury room to consider their sentencing verdict. The Court allowed the defendant to return to the courtroom. The jury subsequently returned their verdict in open court, in the following words:

> "We, the jury, sentence the defendant to 8 years
> imprisonment for injuring an employee of a state
> correctional facility.
>
> /s/ Dwight E. Eden
> Foreman".

The attorney for the defendant then renewed his motion to declare the defendant incompetent to stand trial, which motion was denied. Counsel for the defendant renewed his motion to strike the Commonwealth's evidence for reasons stated to the record, which motion was again denied.

The Court then asked the defendant whether he desired to make a statement or to advance any reason why judgment should not be pronounced against him. The defendant having declined, the Court finds the defendant guilty of Injuring an Employee of a State Correctional Facility as charged in the Indictment and sentences the defendant to confinement

CR94-233
JOHNSON          BOOK   63   PAGE 600

in the Department of Corrections for a term of eight (8) years.

Whereupon the Court advised the defendant of his right to appeal the case to the Court of

Appeals of Virginia.

The Court certifies that, with the exceptions noted herein, at all times during the trial of

this case, the defendant was personally present with his attorney.

And the defendant is remanded back to the Department of Corrections.

Entered this 5th day of September, 1995.

WILLIAM L. WELLONS, JUDGE

comp/

VIRGINIA:  IN THE CIRCUIT COURT OF MECKLENBURG COUNTY

COMMONWEALTH OF VIRGINIA

VS - FELONY - JURY   POSSESS UNAUTHORIZED WEAPON        CR95-343-00

                                   BODILY INJURY                        -01

                                   BODILY INJURY                        -02

KEVIN JOHNSON, #185492

SS# 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

    This day came the Attorney for the Commonwealth, Joseph M. Teefey, Jr., court

appointed attorney for the defendant, and the defendant, Kevin Johnson, #185492, dob 12-3-

69, who stands indicted for felonies, to-wit:

Indictment #1 - On or about the 25th day of September, 1995, did unlawfully and feloniously

while a prisoner in Mecklenburg Correctional Center, have in his possession a knife,

instrument, tool or other thing not authorized by the superintendent which is capable of

causing death or bodily injury in violation of Section 53.1-203, as amended;

Indictment #2 - On or about the 25th day of September, 1995

Count 1:  While a prisoner confined in a state correctional facility, unlawfully and

             feloniously, maliciously cause bodily injury to Lt. J. Pulley, an employee

             of a state correctional facility in violation of Section (18.2-255) as amended;

Count 2:  While a prisoner confined in a state correctional facility, unlawfully

             and feloniously, maliciously cause bodily injury to Correctional Officer

             W. Hite, an employee of a state correctional facility in violation of



Enclosure F

Section 18.2-55, as amended;

wad led to the bar in the custody of the Sheriff and all parties announced that they were ready for trial.

Whereupon the accused was arraigned on Indictments #1 and #2 (Count 1 and Count 2) and the defendant entered a not guilty plea to the indictments, which pleas were tendered by the accused in person, who requested trial by jury.

WHEREUPON the Court then impanelled twenty qualified jurors, free from exception for the trial of the defendant, in the manner provided by law.  Whereupon the Attorney for the Commonwealth and the defendant each alternately exercised their rights to strike the names of four veniremen from the panel, as provided by law, and the remaining twelve jurors constituting the jury for the trial of the defendant, were duly sworn as follows: Joanne S. Finley, James A. Chandler, Joyce R. Cox, Kathleen L. Clark, Karen P. Holmes, Robert R. Edens, Bertha B. Phillips, Clinton J. Bullock, Richard N. Clary, Joyce P. Braddy, Barbara M. Crowder and Judy N. Currin.

After opening statements, the evidence was presented by the Commonwealth and counsel for the defendant.

After hearing the evidence, the instructions of the court and argument of counsel the jurors were sent to the jury room to consider their verdict.  They subsequently returned their verdict in open court, in the following words:

> "WE THE JURY, find the defendant guilty
> of possession of a knife, instrument or
> tool not authorized by the superintendent
> while a prisoner in a state correctional
> facility.
>                    /s/ Robert R. Edens
>                         Foreman"


> "WE THE JURY, find the defendant guilty of
> assault and battery of Jerry Pulley.
>                    /s/ Robert R. Edens
>                         Foreman"


> "WE THE JURY, find the defendant guilty of
> assault and battery of Willie Hite.
>                    /s/ Robert R. Edens
>                         Foreman"


The Court then heard evidence pertaining to the sentence to be imposed on the verdict.

After hearing the instructions of the Court and the argument of counsel, the jurors were sent to the jury room to consider their sentencing verdict.   The jury subsequently returned their verdict in open court, in the following words:

> "WE THE JURY, sentence the defendant to
> 5 years for possession of a knife,
> instrument, or other tool.
>                    /s/ Robert E. Edens
>                         Foreman"

"WE THE JURY, sentence the defendant to
3 months for assault & battery of Jerry
Pulley, an employee of a state correc-
tional facility.
          /s/ Robert E. Edens
                    Foreman"

"WE THE JURY, sentence the defendant to
6 months for assault & Battery of Willie
Hite, an employee of a state correctional
facility.
          /s/ Robert E. Edens
                    Foreman"

The attorney for the defendant then moved the Court to set aside the verdict, for reasons

stated to the record, which motion was overruled, to which the ruling the defendant by

counsel excepted.

The Court then asked the defendant whether he desired to make a statement or to

advance any reason why judgment should not be pronounced against him.   The defendant

having declined, the Court finds the defendant guilty of Possession of Unauthorized Weapon

and sentences him to the Department of Corrections for five (5) years:  Assault & Battery on

Lt. Pulley and sentences the defendant to Three (3) months in jail;  Assault & Battery on

Officer W. Hite and sentences the defendant to six (6) months in jail.

Whereupon, the Court advised the defendant of his right to appeal the case to the Court

of Appeals of Virginia.

The Court certifies that at all times during the trial of this case, the defendant was

personally present with his attorney.

And the defendant is remanded to the Department of Corrections to be confined in the

Entered this 23rd day of August, 1996.

_____
CHARLES L. McCORMICK, III, JUDGE

TRUE COPY, TESTE:

E. E. Cobbage, Jr.    Clerk

By: _____    ___ty Clerk
Circuit Court of ___ ___
State ___

DOC 9-17-96

**Virginia Department of Corrections**

OSC-106                                      **Sentence Summary**

| | | |
|---|---|---|
| **DOC #:**  1007485 | **Offender:**  Johnson, Kevin | **Print Date:**  1/27/2011 |
| **Status:**  Active | **Location:**  Red Onion State Prison | **Page:**  1 of 4 |

---

**Current Class Level:** 4                                      **CRD:**  06/11/1991

**Parole Rev. Date:**

**Total Sentence:**  S-Life      43 **Years**      13 **Months**      30 **Days**   **Parole Violations:** 0

---

| **Date of Judgment** | **Sentence Description** |
|---|---|
| 06/19/1990 | Richmond City - Crim GDC - Docket:<br>Offense: Trespassing{NCIC-5707}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 0 Years 0 Months 30 Days |
| 06/19/1990 | Richmond City - Crim GDC - Docket:<br>Offense: Brandishing Firearm{NCIC-5251}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Partially Suspended<br>Felony Term Indicator: 1<br>Imposed: 0 Years 12 Months 0 Days<br>Suspended: 0 Years 8 Months 0 Days<br>Net: 0 Years 4 Months 0 Days |
| 11/09/1990 | Richmond City Circuit - Docket:<br>Offense: Use Of Firearm In Felony{NCIC-5252}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>ConvConcurrent; Straight<br>Felony Term Indicator: 1<br>Imposed: 4 Years 0 Months 0 Days |
| 11/09/1990 | Richmond City Circuit - Docket:<br>Offense: Malicious Wounding{NCIC-1320}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>ConvConcurrent; Partially Suspended<br>Felony Term Indicator: 1<br>Imposed: 10 Years 0 Months 0 Days<br>Suspended: 6 Years 0 Months 0 Days<br>Net: 4 Years 0 Months 0 Days<br>Comments: 10YRS/6YRS.SUSP/CONCURRENT |

Enclosure _____ B_____

**Virginia Department of Corrections**

**OSC-106**                                    **Sentence Summary**

| | | | |
|---|---|---|---|
| **DOC #:** 1007485 | **Offender:** Johnson, Kevin | | **Print Date:** 1/27/2011 |
| **Status:** Active | **Location:** Red Onion State Prison | | **Page:** 2 of 4 |

| **Date of Judgment** | **Sentence Description** |
|---|---|
| 11/09/1990 | Richmond City Circuit - Docket:<br>Offense: Firing Into Dwelling Or Buildi{NCIC-5217}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Imposition of Sentence Suspended<br>Felony Term Indicator: 1<br>Comments: OCCUPIED |
| 03/01/1991 | Richmond City Circuit - Docket:<br>Offense: Homicide-1st Degree{NCIC-925}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Life<br>Felony Term Indicator: 1 |
| 03/01/1991 | Richmond City Circuit - Docket:<br>Offense: Use Of Firearm In Felony{NCIC-5252}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 2 Years 0 Months 0 Days<br>Comments: IN COMMISSION OF MURDER |
| 03/01/1991 | Richmond City Circuit - Docket:<br>Offense: Homicide-Attempted{NCIC-999}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 10 Years 0 Months 0 Days |
| 03/01/1991 | Richmond City Circuit - Docket:<br>Offense: Use Of Firearm In Felony{NCIC-5252}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 4 Years 0 Months 0 Days<br>Comments: IN ATTEMPTED MURDER |

**Virginia Department of Corrections**

**OSC-106**                                      **Sentence Summary**

| | | | |
|---|---|---|---|
| **DOC #:** 1007485 | **Offender:** Johnson, Kevin | | **Print Date:** 1/27/2011 |
| **Status:** Active | **Location:** Red Onion State Prison | | **Page:** 3 of 4 |

**Date of Judgment**          **Sentence Description**

03/01/1991
                                      Richmond City Circuit - Docket:
                                      Offense: Homicide-Attempted{NCIC-999}
                                      Offense Date: 06/04/1990
                                      Good Time System: Good Conduct Allowance
                                      Consecutive; Straight
                                        Felony Term Indicator: 1
                                      Imposed: 10 Years 0 Months 0 Days

03/01/1991
    Richmond City Circuit - Docket:
    Offense: Use Of Firearm In Felony{NCIC-5252}
    Offense Date: 06/04/1990
    Good Time System: Good Conduct Allowance
    Consecutive; Straight
    Felony Term Indicator: 1
    Imposed: 4 Years 0 Months 0 Days
    Comments: IN ATTEMPTED MURDER

08/10/1992
    Buckingham Circuit - Docket:
    Offense: Possession Of Weapon{NCIC-5212}
    Offense Date: 02/18/1992
    Good Time System: Good Conduct Allowance
    Consecutive; Nolle Prosse
    Felony Term Indicator: 1
    Comments: UNAUTHORIZED INST.

09/05/1995
    Mecklenburg Circuit - Docket:
    Offense: Felonious Wounding{NCIC-1321}
    Offense Date: 03/13/1994
    Good Time System: Good Conduct Allowance
    Consecutive; Straight
    Felony Term Indicator: 2
    Imposed: 8 Years 0 Months 0 Days
    Comments: CR94-233-00

08/23/1996
    Mecklenburg Circuit - Docket:
    Offense: Possession Of Weapon{NCIC-5212}
    Offense Date: 09/25/1995
    Good Time System: Earned Sentence Credit
    Consecutive; Straight
    Imposed: 5 Years 0 Months 0 Days
    Comments: CR95-343-00
    Memo: KNIFE, INSTRUMENT OR TOOL NOT AUTHORIZED - WHILE A PRISONER IN
    A STATE CORRECTIONAL FACILITY.

**Virginia Department of Corrections**

**OSC-106**                                **Sentence Summary**

| | | |
|---|---|---|
| **DOC #:** 1007485 | **Offender:** Johnson, Kevin | **Print Date:** 1/27/2011 |
| **Status:** Active | **Location:** Red Onion State Prison | **Page:** 4 of 4 |

**Date of Judgment**                **Sentence Description**

08/23/1996                Mecklenburg Circuit - Docket:
                          Offense: Assault And Battery{NCIC-5315}
                          Offense Date: 09/25/1995
                          Good Time System: Good Conduct Allowance
                          Consecutive; Straight
                          Felony Term Indicator: 3
                          Imposed: 0 Years 3 Months 0 Days
                          Comments: CR95-343-01
                          Memo: AN EMPLOYEE OF A STATE CORRECTIONAL FACILITY.

08/23/1996                Mecklenburg Circuit - Docket:
                          Offense: Assault And Battery{NCIC-5315}
                          Offense Date: 09/25/1995
                          Good Time System: Good Conduct Allowance
                          Consecutive; Straight
                          Felony Term Indicator: 3
                          Imposed: 0 Years 6 Months 0 Days
                          Comments: CR95-343-02
                          Memo: AN EMPLOYEE OF A STATE CORRECTIONAL FACILITY.

**Virginia Department of Corrections**

**OSC-107**

**Summary Audit**

| | | | | | |
|---|---|---|---|---|---|
| **DOC #:** | 1007485 | **Offender:** | Johnson, Kevin | **Print Date:** | 1/27/2011 11:53 AM |
| **Status:** | Active | **Location:** | Red Onion State Prison | **Page:** | 1 of 46 |

**Current Class Level:** 4 **CRD:** 06/11/1991

**Parole Rev. Date:**

**Total Sentence:** S-Life 43 **Years** 13 **Months** 30 **Days** **Parole Violations:** 0

**Projected Dates**

**Discretionary Parole Eligibility:** 03/03/2010

**Mandatory Parole Release:** Ineligible

**Good Time Release:** S-Life

The projected dates are based on the assumption that the offender will continue to earn good time at the present earning level and will not have earned good time taken from the offender as a result of misbehavior. Loss of earned good time, a change in good time earning level, or any other event that impacts the service of the total sentence may cause the projected dates to change.

Events listed below may impact the projected dates of eligibility and/or release since the last Legal Update dated 12/02/2010.

| **Date** | **Description** | |
|---|---|---|
| 03/01/1991 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Homicide-1st Degree{NCIC-925}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Life<br>Felony Term Indicator: 1 |
| 06/04/1990 to 06/11/1991 | **Detention Jail Credit:** | Richmond City Jail; Initial Jail Credit 372 Days |
| 06/19/1990 | **Sentence:** | Richmond City - Crim GDC - Docket:<br>Offense: Trespassing{NCIC-5707}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 0 Years 0 Months 30 Days |
| 06/19/1990 | **Sentence:** | Richmond City - Crim GDC - Docket:<br>Offense: Brandishing Firearm{NCIC-5251}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Partially Suspended<br>Felony Term Indicator: 1<br>Imposed: 0 Years 12 Months 0 Days<br>Suspended: 0 Years 8 Months 0 Days<br>Net: 0 Years 4 Months 0 Days |

Enclosure C

**Virginia Department of Corrections**

OSC-107                                    **Summary Audit**

| DOC #: 1007485 | **Offender:** Johnson, Kevin | **Print Date:** 1/27/2011 11:53 AM |
|---|---|---|
| **Status:** Active | **Location:** Red Onion State Prison | **Page:** 2 of 46 |

| <u>Date</u> | <u>Description</u> | |
|---|---|---|
| 11/09/1990 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Use Of Firearm In Felony{NCIC-5252}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>ConvConcurrent; Straight<br>Felony Term Indicator: 1<br>Imposed: 4 Years 0 Months 0 Days |
| 11/09/1990 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Malicious Wounding{NCIC-1320}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>ConvConcurrent; Partially Suspended<br>Felony Term Indicator: 1<br>Imposed: 10 Years 0 Months 0 Days<br>Suspended: 6 Years 0 Months 0 Days<br>Net: 4 Years 0 Months 0 Days<br>Comments: 10YRS/6YRS.SUSP/CONCURRENT |
| 11/09/1990 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Firing Into Dwelling Or Buildi{NCIC-5217}<br>Offense Date: 04/22/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Imposition of Sentence Suspended<br>Felony Term Indicator: 1<br>Comments: OCCUPIED |
| 03/01/1991 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Use Of Firearm In Felony{NCIC-5252}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 2 Years 0 Months 0 Days<br>Comments: IN COMMISSION OF MURDER |
| 03/01/1991 | **Sentence:** | Richmond City Circuit - Docket:<br>Offense: Homicide-Attempted{NCIC-999}<br>Offense Date: 06/04/1990<br>Good Time System: Good Conduct Allowance<br>Consecutive; Straight<br>Felony Term Indicator: 1<br>Imposed: 10 Years 0 Months 0 Days |