**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND
### John Marshall Courts Building

OLANDO LEE TRENT a/k/a )
KEVIN JOHNSON, #185492, )
)
    Petitioner, )
)
v. )   Case No. CL08-3593
)
DIRECTOR, VIRGINIA DEPARTMENT )
OF CORRECTIONS, )
)
    Respondent. )

### MOTION TO DISMISS

    COMES NOW, by counsel, the Respondent, Director of the Virginia Department of Corrections, in answer to Complaint and moves the Court to dismiss the Petition for the following reasons:

    1.    Olando L. Trent, a/k/a/ Kevin Johnson, is incarcerated at the Red Onion State Prison, a Virginia Department of Corrections ("VDOC") facility. The petitioner contended that the VDOC has unlawfully confined him as "Kevin Johnson, No. 185493." Essentially, Trent argues that he is not "Kevin Johnson," and that he is confined as a result of mistaken identity, and asks this court to vacate the criminal convictions and judgment because "said judgments of conviction were entered against someone else." Since Trent is seeking immediate release from custody, the complaint can only be construed as a Petition for Habeas Corpus.

1

2.     Pursuant to Code § 8.01-660, the VDOC submits as evidence of the information detailed below the attached affidavit of Wendy K. Brown, Manager of the Court and Legal Services Section of the Virginia Department of Corrections, and enclosures.

3.     As a threshold matter, the Petition is untimely. Virginia's habeas statute provides that a habeas petition, "other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2) (Michie 2000). A cause of action accrues when a plaintiff is injured. Shipman v. Kruck, 267 Va. 495, 503, 593 S.E.2d 319, 323 (2004). "'[T]he applicable period of limitation begins to run from the moment the cause of action arises rather than from the time of discovery of injury or damage, and ... difficulty in ascertaining the existence of a cause of action is irrelevant.'" Id. (quoting Va. Military Inst. v. King, 217 Va. 751, 759, 232 S.E.2d 895, 900 (1977)). Here, the cause of action accrued when Trent, a/k/a/ Johnson was originally received by the VDOC on June 11, 1991. See Brown Aff. at ¶ 6.

4.     The VDOC received the Petitioner on June 11, 1991, to serve a total sentence of life imprisonment plus 43 years, 13 months and 30 days. Id. at ¶ 6; A copy of the sentence summary is attached as Enclosure B.

5.     All offenders confined within the VDOC are required to serve their sentence under the name written on the court's sentencing orders. The name may be an alias that the offender was using at the time of arrest and subsequent convictions. Records show that Kevin Johnson has used various aliases including Rashid Trent, Kavin Johnson, Olando Trent and Rashid Johnson. See Brown Aff. at ¶ 4. Despite Johnson's

2

claim that Olando Trent is his birth name, he will continue to serve his sentences as Kevin Johnson as this was the name under which he received his criminal convictions.

6.     Kevin Johnson was sentenced in the Circuit Court for the City of Richmond for trespassing, brandishing a firearm, use of firearm in the commission of a felony, malicious wounding, firing into a dwelling or building, first degree murder, use of a firearm in the commission of murder, two counts of attempted homicide and two counts of use of a firearm in the commission of attempted murder.  Brown Aff. at ¶ 5; copies of the sentencing order are attached as Enclosure A.

7.     Subsequent to his incarceration, Kevin Johnson  committed additional crimes as a prisoner including felonious wounding, possession of a weapon and two counts of assault and battery of an employee of a state correctional facility.  Id. at ¶ 6.

8.     Moreover, Trent a/k/a Johnson's claim is meritless.  Olando Trent a/k/a Kevin Johnson, is lawfully within the custody of the Virginia Department of Corrections and serving his sentences as ordered by this Court.

9.     Respondent denies each and every allegation not specifically mentioned herein.

10.     Furthermore, because the Petition fails to state a claim and is frivolous, the Respondent submits that Trent a/k/a Kevin Johnson should be assessed a "strike" under the Virginia Prisoner Litigation Reform Act, Va. Code Ann. § 8.01-692.

11.     Respondent submits that this Court may deny and dismiss the Petition as a matter of law without requiring a further hearing.  Va. Code Ann. § 8.01-654(B)(4)

WHEREFORE, the Respondent respectfully requests that the Court dismiss the Petition and grant such other relief as may appear just.

Respectfully submitted,

DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS

By _____
                    Counsel

Banci E. Tewolde
Assistant Attorney General
Public Safety & Enforcement Division
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-0008
(804) 786-4239 (fax)
VSB# 40331

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2008, a true and exact copy of the

foregoing Motion to Dismiss was mailed, postage prepaid to Petitioner, Olando Lee

Trent a/k/a Kevin Johnson, #185492, Red Onion State Prison, Post Office Box 970,

Pound, Virginia 24279.

_____
Banci E. Tewolde
Assistant Attorney General

4

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

Olando Lee Trent
a/k/a Kevin Johnson,

     Plaintiff,

v.                                   Case NO. 760CL08003593-00

Director, Virginia Department of Corrections,

     Defendant.

## AFFIDAVIT

State of Virginia, City of Richmond, to-wit:

WENDY K. BROWN, first being duly sworn, states as follows:

1.     I am the Manager of Court and Legal Services for the Virginia Department of Corrections (VDOC). Court and Legal Services is responsible for maintaining inmate time computation records as well as computing inmates' terms of imprisonment and projecting the discretionary parole eligibility, mandatory and good time release dates.

2.     The information contained in this affidavit is based on personal knowledge and records maintained in the regular and ordinary course of business.

3.     I am generally aware of the allegations in the lawsuit filed by inmate Kevin Johnson, #185492, who claims that he has been "misidentified" by arresting officers, convicted and incarcerated for crimes that he did not commit. He states that his true identity is Olando Trent, and he is wrongly incarcerated for crimes committed by Kevin Johnson.

4.     Offenders confined in the VDOC, serve their sentences under the name written on the court's sentencing orders. This name may be an alias that the offender was

using at the time of his arrest and conviction. According to VDOC records, Johnson has used various aliases including Rashid Trent, Kavin Johnson, Orlando Trent and Rashid Johnson. Although Johnson claims that Olando Trent is his birth name, he will continue to serve his sentences as Kevin Johnson as this was the name under which he received his criminal convictions.

5.      Kevin Johnson's original convictions as imposed by the Circuit Court for the City of Richmond include trespassing, brandishing a firearm, use of a firearm in the commission of a felony, malicious wounding, firing into a dwelling or building, first degree murder, use of a firearm in the commission of murder, two counts of attempted homicide and two counts of use of a firearm in the commission of attempted murder. Copies of the Sentencing Orders are attached as Enclosure A.

6.      Since he was originally received by the VDOC on June 11, 1991, Johnson has committed additional crimes as an inmate including felonious wounding, possession of a weapon and two counts of assault and battery of an employee of a state correctional facility. Johnson is serving a total sentence of life imprisonment plus 43 years, 13 months and 30 days. A copy of the Sentence Summary is attached as Enclosure B.

7.      Johnson's anticipated discretionary parole eligibility date is March 3, 2010. He is not eligible for mandatory parole release. A copy of the Summary Audit is

attached as Enclosure C.

WENDY K. BROWN

_____
Affiant

Sworn and subscribed to before me, a Notary Public, in and for the City of Richmond, on this ___15___ day of September, 2008.

_____
Notary Public

My commission expires:    _____

LESLEY A. RITENOUR
NOTARY
PUBLIC
REG. #7037796
MY COMMISSION
EXPIRES
10 3 FLO
COMMONWEALTH OF VIRGINIA

3

# DISPOSITION NOTICE

NAME .....Kevin Johnson...........................

STREET ADDRESS .....2904  ẺP Lynhaven Ave....

CITY .....Richmond..... STATE .....VA.....

JURISDICTION
~~Manchester~~

- XX GEN. DIST. CT. (CRIMINAL)
- ☐ GEN. DIST. CT. (TRAFFIC)
- ☐ GEN. DIST. CT. (CIVIL)
- ☐ J & DR DIST. CT.
- ☐ CIRCUIT COURT

CASE NO. .....GC90003220.....

- ☐ Certified to grand jury
- ☐ Juvenile transferred to circuit court for trial as adult
- XX Convicted of     **Trespass**

## SENTENCE

☐ _____ months ___30___ days to be served in jail
(See Instructions on reverse side)

Special conditions:  ☐ Weekend confinement  ☐ Work release

☐ Juvenile sentenced to jail pursuant to § 16.1-284.

☐ Other:............................................................................  ☐ see back

☐ Commitment to the Department of Corrections

Appeal noted? ☐ no  |  ☐ yes and  ☐ not eligible for bail

☐ $ ............................. appeal bail bond-other terms: ☐ see back

__6-19-90__
DATE

_____

☐ CLERK
☐ JUDGE

G. L. Fuss

FORM DC-356 5/88 (114:9-016 11/89)

Enclosure

# DISPOSITION NOTICE

NAME          Kevin Johnson

STREET ADDRESS .................................................

CITY ............................ STATE .................

JURISDICTION

Manchester

XX GEN. DIST. CT. (CRIMINAL)
☐ GEN. DIST. CT. (TRAFFIC)
☐ GEN. DIST. CT. (CIVIL)
☐ J & DR DIST. CT.
☐ CIRCUIT COURT

☐ Certified to grand jury
☐ Juvenile transferred to circuit court for trial as adult
XX Convicted of   Brandish firearm

CASE NO. ...... GC90003221

SENTENCE   12 mos/ 8 mos. susp.

☐ ___4___ months _____ days to be served in jail
(See Instructions on reverse side)

Special conditions:  ☐ Weekend confinement  ☐ Work release

☐ Juvenile sentenced to jail pursuant to § 16.1-284.

☐ Other: ........................................................ ☐ see back

☐ Commitment to the Department of Corrections

Appeal noted? ☐ no   ☐ yes and  ☐ not eligible for bail
☐ $ ................................. appeal bail bond-other terms: ☐ see back

......6-19-90......
DATE

☐ CLERK
☐ JUDGE

G. L. Rupe

FORM DC-356 5/88 (114:9-016 11/89)

Virginia:

In the Circuit Court of the City of Richmond, John Marshall Courts Building

the        9th        day of    November     1990

COMMONWEALTH

vs      Indictment for Firearm/Felony F-90-2882
        Indictment for Malicious Wounding F-90-2883
        Indictment for Shooting Into An Occupied Dwelling F-90-2884

KEVIN JOHNNSON, Dft.

The defendant was this day led to the bar in the custody of
the Sheriff of this City.  He was represented by Attorney
Kevin Schork, appointed counsel; and the Commonwealth was
represented by Harry M. Johnson, Jr.  The defendant consented to
having these cases tried simultaneously.

Being arraigned, the defendant pleaded guilty to using or
displaying in a threatening manner, a firearm, while, during and
in the commission of a malicious wounding, as charged in
Indictment F-90-2882; he pleaded guilty to malicious wounding, as
charged in Indictment F-90-2883; and he pleaded guilty to shooting
into an occupied dwelling, as charged in Indictment F-90-2884,
after consultation with counsel.  Whereupon the Court inquired of
the defendant if he had been advised of, and fully understood the
significance of his pleas of guilty, to which inquiry the
defendant answered in the affirmative, and the Court accepted said
pleas of guilty.  The evidence in each case having been summarized
by the Assistant Attorney for the Commonwealth, and stipulated by
the defendant, the Court finds the defendant guilty as charged in
each Indictment, and in accordance with a plea agreement filed
herein, the Court doth suspend the imposition of sentence, during

COMMONWEALTH V. KEVIN JOHNSON, Dft.                    Page Two

the defendant's good behavior in the case of F-90-2884, and he is

placed on supervised probation.  In the case of F-90-2882, the

Court doth ascertain the defendant's term of confinement in the

State Penitentiary at Four Years, and in the case of F-90-2883,

the Court doth ascertain the defendant's term of confinement in

the State Penitentiary at Ten Years.

Whereupon it being demanded of the said defendant if

anything for himself he had or knew to say why the Court should

not now proceed to pronounce judgment against him according to

law, and nothing being offered or alleged in delay thereof, it is

the judgment of this Court that the said Kevin Johnson be confined

in the State Penitentiary for one term of Four Years, and one term

of Ten Years, these being the periods ascertained by the Court in

the cases of F-90-2882 and F-90-2883.  The execution of six years

of the said Penitentiary sentence given in the case of F-90-2883

is suspended during the defendant's good behavior.  The Four Years

given in the case of F-90-2882, and the remaining Four Years given

in the case of F-90-2883 are to run consecutively with each other.

However, these sentences are to run concurrently with time

received in this Court at the Manchester Courthouse.  The

defendant is placed on supervised probation; and he is to pay his

costs of Court in these cases totaling $1,098.00, the payment of

said costs to be arranged by his Probation Officer.

It is further ordered that the defendant shall receive

credit for all time previously spent in Jail on these charges, if

any.

COMMONWEALTH V. KEVIN JOHNSON, Dft.                    Page Three

Pursuant to Section 19.2-310.2 of the Code of Virginia, 1950, as amended, it is ordered that a sample of the defendant's blood be taken forthwith for DNA analysis.

It is ordered that the Sheriff of this City when required so to do, deliver the said defendant from the Jail of this City to the Warden of the State Penitentiary, in said Penitentiary to be confined and treated in the manner prescribed by law.

Thereupon the defendant was remanded to Jail.

DOB:  12/3/71
D/Offense/s: 4/22/90

November 9, 1990          ENTER: *Thomas N. Nance*

                          Thomas N. Nance, Judge


                          a Copy,
                          Teste:  IVA K. PURDY, Clerk
                          by *Barbara C. Wm* D.C.

Virginia:

In the Circuit Court of the City of Richmond, Manchester Courthouse

the        1st        day of        March,        19 91.

Commonwealth of Virginia,        plaintiff,)
                                              )
against                                       )        Order –
                                              )         Case No. 90-696-F
                                              )        through 90-698-F
Kevin Johnson,                  defendant,)
(D.O.B. 12/3/71)
(Date of Offenses:  6/4/90)

Kevin Johnson, who on October 29, 1990, was found guilty by a jury of six (6) felonies in the above cases, but against whom the fixing and imposition of sentences were delayed pending a pre-sentence report by the Probation and Parole Department of this District filed herein on December 7, 1990, and a motion to set aside the jury verdicts, this day was led to the bar in the custody of the Sheriff of the City of Richmond, and also appeared Craig Cooley, his Attorney at law, and Robert Trono, an Assistant Attorney for the Commonwealth, and Barbie Burfoot, his Probation Officer.

Whereupon, the Court proceeded to hear further argument of counsel as to the defendant's motion to set aside the jury verdicts, and having fully considered the same, doth deny said motion.

Thereupon, after allocution of the defendant, it is Ordered by the Court in accordance with the jury verdicts, that the defendant be confined as follows:

(Case No. 90-696-F) Life in the penitentiary on the conviction of the 1st degree murder of John H. Scholl, and two (2) years in the penitentiary on the conviction of using a firearm in the commission of the murder of John H. Scholl;

(Case No. 90-697-F) ten (10) years in the penitentiary on the conviction of attempted murder of Joseph Pieratti, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Joseph Pieratti; and

(Case No. 90-698-F) ten (10) years in the penitentiary on the conviction of attempted murder of Jonathan Beatty, and four (4) years in the penitentiary on the conviction of using a firearm in the attempted murder of Jonathan Beatty.

Whereupon, it being represented to the Court that the defendant intends to appeal the judgments of this Court to the Court of Appeals of Virginia, and the Court having determined the defendant to be indigent, it is Ordered that Craig Cooley, Attorney at law, be appointed to represent the defendant on his appeal, and that the Court Reporter prepare a transcript of the hearings in these cases at the expense of the Commonwealth and file with the Clerk according to law.

It is further Ordered that the Commonwealth do recover of the defendant her costs incident to these proceeding, and that the defendant be remanded to the custody of the Sheriff of this City to be dealt with according to law.

Enter this Order,

_____ Judge

Ent. Law O.B. _____ pg. _____

A COPY TESTE:
IVA R. PURDY, Clerk

By _____
Deputy Clerk

VIRGINIA: IN THE CIRCUIT COURT OF BUCKINGHAM COUNTY

COMMONWEALTH OF VIRGINIA

vs possession of an unauthorized instrument on 2/18/92

Kevin Johnson          Dob-12-3-71
inmate #185492

ORDER

Upon motion of the Commonwealth's Attorney, the charges against

Kevin Johnson          are hereby ORDERED Nolle

Prosequi.

ENTER this 10th day of August 19 92.

_____
Judge

I ask for this:

_____
Commonwealth Attorney

LOB #17
Pg 601



A Copy, Teste:
Malcolm A. Booker, Jr.
By:
_____ Deputy/Clerk
Diane B. Blackburn

AUG 1992
RECEIVED
BuCC - Records

BOOK **63** PAGE **597**

VIRGINIA: IN THE CIRCUIT COURT OF MECKLENBURG COUNTY

COMMONWEALTH OF VIRGINIA

VS - FELONY - JURY  ASSAULT ON EMPLOYEE                    CR94-233-00

KEVIN JOHNSON, #185492

SS# 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

    This day came the Attorney for the Commonwealth, Charles G. Butts, Jr., court appointed attorney for the defendant, and the defendant, Kevin Johnson, #185492, dob 12-3-69, who stands indicted for a felony, to-wit: On or about the 13th day of March, 1994, did unlawfully and feloniously while a prisoner in a correctional facility knowingly and willfully inflict bodily injury on Lt. Thomas F. West, an employee thereof, in violation of Section 18.2-55, as amended, and all parties announced that they were ready for trial.

    Whereupon the accused was arraigned and the defendant refused to respond and the Court entered a not guilty to the indictment on behalf of the defendant and counsel for defendant, who requested trial by jury.

    Counsel for the defendant moved the Court to find the defendant incompetent to stand trial for the reasons stated to the record, which motion was denied.

    WHEREUPON the Court then impanelled twenty qualified jurors and Juror Pansy Ezell Overton was excused for cause on motion of counsel for the defendant, and a replacement was called. Whereupon the Attorney for the Commonwealth and the defendant each alternately exercised their rights to strike the names of four veniremen from the panel, as provided by law, and the remaining twelve jurors constituting the jury for the trial of the

CR94-233
JOHNSON

BOOK **63** PAGE **598**

defendant, were duly sworn as follows: Woodrow Wilson Williams, Alice Althea White

Thomas, Luetta Rogers Thomas, Juanita Lacks Broughman, George Edward Newton, Jennie

Eva Pool, Angela Renee McBee, Steven Allen McCargo, Ronald Dean Grant Margaret S.

Frazier, Linda Wilson Lawson and Dwight Emerson Elam. At the conclusion of the

Commonwealth's evidence, the defendant represented that he would present no evidence.

The Court, upon observing misconduct of the defendant and having been informed by the

defendant of his intention to continue to disrupt the proceedings, ORDERED the defendant to

be removed from the courtroom. Counsel for the accused renewed his motion that the Court

find the defendant incompetent to stand trial for the reasons stated to the record, which

motion was again denied. Counsel for the defendant then moved to strike the

Commonwealth's evidence for the reasons stated to the record, which motion was denied and

objection was noted. After the instruction of the court, the jurors were sent to the jury room

to consider their verdict. They subsequently returned their verdict in open court, in the

following words:

> "We, the jury, find the defendant guilty
> of injuring a employee of a state correc-
> tional facility.
>
> /s/ Dwight E. Eden
> Foreman"

CR94-233
JOHNSON

BOOK  63 PAGE 539

Upon motion of the attorney for the defendant, the jury was polled as to whether the stated verdict accurately and correctly reflected their verdict, and all twelve (12) responded in the affirmative.

The Court then heard evidence pertaining to the sentence to be imposed on the verdict. After hearing the instructions of the Court and the argument of counsel, the jurors were sent to the jury room to consider their sentencing verdict. The Court allowed the defendant to return to the courtroom. The jury subsequently returned their verdict in open court, in the following words:

> "We, the jury, sentence the defendant to 8 years
> imprisonment for injuring an employee of a state
> correctional facility.
>
> /s/ Dwight E. Eden
> Foreman".

The attorney for the defendant then renewed his motion to declare the defendant incompetent to stand trial, which motion was denied. Counsel for the defendant renewed his motion to strike the Commonwealth's evidence for reasons stated to the record, which motion was again denied.

The Court then asked the defendant whether he desired to make a statement or to advance any reason why judgment should not be pronounced against him. The defendant having declined, the Court finds the defendant guilty of Injuring an Employee of a State Correctional Facility as charged in the Indictment and sentences the defendant to confinement

CR94-233
JOHNSON                    BOOK    63   PAGE 600

in the Department of Corrections for a term of eight (8) years.

Whereupon the Court advised the defendant of his right to appeal the case to the Court of Appeals of Virginia.

The Court certifies that, with the exceptions noted herein, at all times during the trial of this case, the defendant was personally present with his attorney.

And the defendant is remanded back to the Department of Corrections.

Entered this 5th day of September, 1995.

WILLIAM L. WELLONS, JUDGE

comp/

VIRGINIA:  IN THE CIRCUIT COURT OF MECKLENBURG COUNTY

COMMONWEALTH OF VIRGINIA

VS - FELONY - JURY   POSSESS UNAUTHORIZED WEAPON      CR95-343-00

BODILY INJURY                              -01

BODILY INJURY                              -02

KEVIN JOHNSON, #185492

SS# 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

    This day came the Attorney for the Commonwealth, Joseph M. Teefey, Jr., court

appointed attorney for the defendant, and the defendant, Kevin Johnson, #185492, dob 12-3-

69, who stands indicted for felonies, to-wit:

Indictment #1 - On or about the 25th day of September, 1995, did unlawfully and feloniously

while a prisoner in Mecklenburg Correctional Center, have in his possession a knife,

instrument, tool or other thing not authorized by the superintendent which is capable of

causing death or bodily injury in violation of Section 53.1-203, as amended;

Indictment #2 - On or about the 25th day of September, 1995

Count 1:  While a prisoner confined in a state correctional facility, unlawfully and

          feloniously, maliciously cause bodily injury to Lt. J. Pulley, an employee

          of a state correctional facility in violation of Section 18.2-255, as amended;

Count 2:  While a prisoner confined in a state correctional facility, unlawfully

          and feloniously, maliciously cause bodily injury to Correctional Officer

          W. Hite, an employee of a state correctional facility in violation of

Section 18.2-55, as amended;

wad led to the bar in the custody of the Sheriff and all parties announced that they were ready for trial.

Whereupon the accused was arraigned on Indictments #1 and #2 (Count 1 and Count 2) and the defendant entered a not guilty plea to the indictments, which pleas were tendered by the accused in person, who requested trial by jury.

WHEREUPON the Court then impanelled twenty qualified jurors, free from exception for the trial of the defendant, in the manner provided by law.  Whereupon the Attorney for the Commonwealth and the defendant each alternately exercised their rights to strike the names of four veniremen from the panel, as provided by law, and the remaining twelve jurors constituting the jury for the trial of the defendant, were duly sworn as follows: Joanne S. Finley, James A. Chandler, Joyce R. Cox, Kathleen L. Clark, Karen P. Holmes, Robert R. Edens, Bertha B. Phillips, Clinton J. Bullock, Richard N. Clary, Joyce P. Braddy, Barbara M. Crowder and Judy N. Currin.

After opening statements, the evidence was presented by the Commonwealth and counsel for the defendant.

After hearing the evidence, the instructions of the court and argument of counsel the jurors were sent to the jury room to consider their verdict.  They subsequently returned their verdict in open court, in the following words:

> "WE THE JURY, find the defendant guilty
> of possession of a knife, instrument or
> tool not authorized by the superintendent
> while a prisoner in a state correctional
> facility.
>
> /s/ Robert R. Edens
> Foreman"

> "WE THE JURY, find the defendant guilty of
> assault and battery of Jerry Pulley.
> /s/ Robert R. Edens
> Foreman"

> "WE THE JURY, find the defendant guilty of
> assault and battery of Willie Hite.
> /s/ Robert R. Edens
> Foreman"

The Court then heard evidence pertaining to the sentence to be imposed on the verdict.

After hearing the instructions of the Court and the argument of counsel, the jurors were sent to the jury room to consider their sentencing verdict. The jury subsequently returned their verdict in open court, in the following words:

> "WE THE JURY, sentence the defendant to
> 5 years for possession of a knife,
> instrument, or other tool.
> /s/ Robert E. Edens
> Foreman"

"WE THE JURY, sentence the defendant to
3 months for assault & battery of Jerry
Pulley, an employee of a state correc-
tional facility.
/s/ Robert E. Edens
Foreman"

"WE THE JURY, sentence the defendant to
6 months for assault & Battery of Willie
Hite, an employee of a state correctional
facility.
/s/ Robert E. Edens
Foreman"

The attorney for the defendant then moved the Court to set aside the verdict, for reasons stated to the record, which motion was overruled, to which the ruling the defendant by counsel excepted.

The Court then asked the defendant whether he desired to make a statement or to advance any reason why judgment should not be pronounced against him. The defendant having declined, the Court finds the defendant guilty of Possession of Unauthorized Weapon and sentences him to the Department of Corrections for five (5) years: Assault & Battery on Lt. Pulley and sentences the defendant to Three (3) months in jail; Assault & Battery on Officer W. Hite and sentences the defendant to six (6) months in jail.

Whereupon, the Court advised the defendant of his right to appeal the case to the Court of Appeals of Virginia.

The Court certifies that at all times during the trial of this case, the defendant was personally present with his attorney.

And the defendant is remanded to the Department of Corrections to be confined in the

Entered this 23rd day of August, 1996.

_____
CHARLES L. McCORMICK, III, JUDGE

TRUE COPY, TESTE:

E. E. Coleman, Jr.    Clerk

By:_____    Deputy Clerk
Circuit Court of Martinsburg
State

DOC 9-17-96