Clerk's Office U.S. Dist. Court
AT DANVILLE, VA
FILED
for Roanoke
MAR 31 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN JOHNSON,<br>  Petitioner, | Civil Action No. 7:10-cv-00415 |
| v. | **MEMORANDUM OPINION** |
| TRACY S. RAY,<br>  Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Kevin Johnson, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner alleges that his name is Orlando Lee Trent and he is incarcerated despite never having a criminal conviction being entered against that name. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion.

I.

Petitioner states in his petition that he is incarcerated despite never having a criminal judgment entered against him. However, petitioner is currently incarcerated pursuant to multiple state court orders entered by Virginia's circuit courts, which require petitioner to serve a life sentence plus more than forty-three years. The Circuit Court for the City of Richmond convicted Kevin Johnson in 1990 and 1991 of first degree murder, two counts of attempted homicide, brandishing a firearm, three counts of using a firearm during a felony, malicious wounding, firing into an occupied dwelling or building, and criminal trespass. (Resp't's Br. Supp. Mot. (no. 10) Ex. 1.) Petitioner appealed his March 1991 convictions for murder, attempted murder, and the associated uses of a firearm, to the Court of Appeals and the Supreme Court of Virginia, which refused his appeal in January 1993.

Following these convictions, the Virginia Department of Corrections ("VDOC") assumed

custody of Johnson and issued him an inmate number on June 11, 1991. Petitioner admits that he has been continuously incarcerated since his 1990 convictions as Kevin Johnson. (Pet'r's Aff. (Pet. Ex. A) ¶ 4.) While in VDOC custody, petitioner committed more crimes, warranting the Circuit Court of Mecklenburg County to enter his convictions for possession of a weapon by an inmate in 1992; felonious wounding and two counts of assault and battery on a VDOC employee in 1995; and possession of a weapon by an inmate in 1996. The Mecklenburg Circuit Court's criminal judgments identify petitioner by his VDOC inmate number and as Kevin Johnson. Petitioner appealed his 1995 convictions to the Court of Appeals and Supreme Court of Virginia, which refused his appeal in August 1997.

On July 27, 2008, petitioner filed a petition for a writ of habeas corpus in the Circuit Court for the City of Richmond, alleging that he actually was Orlando Lee Trent and claiming that he had been falsely convicted and imprisoned as a result of mistaken identity. (Resp't's Br. Supp. Mot., Ex. II (no. 10-4) 19-20.) The Richmond Circuit Court specifically found petitioner's claim to be frivolous, dismissed the habeas petition, and assigned petitioner a "strike" under the Virginia Prisoner Litigation Reform Act for filing a frivolous suit. (Id.) The Supreme Court of Virginia affirmed the Richmond circuit court's decision on May 11, 2009, and denied a rehearing request on September 22, 2009. (Id. 1.)

In the instant federal petition, petitioner argues that he is Orlando Lee Trent and not Kevin Johnson, the name under which he was convicted and incarcerated. (Pet'r's Aff. ¶ 6.) Petitioner alleges that his "imprisonment since June 11, 1991, has been falsely justified by my custodians falsely imputing against me criminal convictions which were adjudicated [against] one or more persons name Kevin Johnson who was not and is not me..." (Id. ¶ 7.) Petitioner

2

further explains that he "was arrested and remain confined under the name Kevin Johnson"; that he was "identified by a civilian bystander who was under duress"; and that he has "remained continually confined from that date [June 4, 1990] until now." (Id. ¶¶ 4, 5, 6.) Thus, petitioner concludes that he has been imprisoned for nearly two decades "with no criminal charges found or filed against me and . . . never been convicted of nor sentenced for any crime. . . ." (Pet. 3.)

II.

A.

A prisoner seeking to challenge the legality of his custody may proceed in federal court via a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and § 2254 or a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Section 2241 relieves a convict from his custodian when he is: in custody under or by color of the authority of the United States or is committed for trial before some federal court; in custody for an act done or omitted in pursuance of an Act of Congress or federal court order; in custody in violation of the Constitution or laws or treaties of the United States; a citizen of a foreign state with other conditions; or needed to testify in court or to attend trial. 28 U.S.C. § 2241(c). Section 2254 relieves a convict from his custodian when the convict is "in custody pursuant to the judgment of a State court" and is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Congress also limited relief under § 2254 to state convicts who present their claims to the highest state court having jurisdiction of the issue and who present the claims to a federal court within one year of, inter alia, the conviction being final. 28 U.S.C. §§ 2244(d); 2254(b)(1). Furthermore, a convict is entitled to file one § 2254 petition but must

3

receive leave of court to file additional § 2254 petitions challenging the same conviction. Id. § 2244(b).

Petitioner's allegation that his incarceration violates provisions of the United States Constitution brings his claim under the jurisdiction of sections 2241 and 2254. However, as petitioner readily admits, various state court judgments authorized his incarceration. Accordingly, I find that § 2254 provides the means to review the petition because its language is more accurately applied to petitioner and to proceed under § 2241 would bypass the statute of limitations and exhaustion mechanisms Congress intended to apply to state convicts. See Edmond v. United States, 520 U.S. 651, 657 (1997) (stating that the more specific statute takes precedence over the more general statute); Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253 (1992) ("Courts should disfavor interpretations of statutes that render language superfluous. . . ."). See also Felker v. Turpin, 518 U.S. 651, 662 (1996) ("Authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); Medberry v. Crosby, 351 F.3d 1049, 1062 n.8 (11th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 278-79 (2d Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); Coady v. Vaugh, 251 F.3d 480, 484-85 (3d Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Therefore, I construe the petition as arising under § 2254. See Gonzalez v. Crosby, 545 U.S. 524, 533-34 (2005) (providing that the matter of a pro se pleading defines it, not its caption); Turner v. Evers, 726 F.2d 112, 113 (3d Cir. 1984) (same).

---

[1]Because petitioner's claims do not involve federal officials, § 2255 does not apply.

B.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[3] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's habeas proceedings became final in September 2009, and petitioner filed the instant federal petition in September 2010. However, more than a month's time expired between when petitioner's

---

[2] The one-year period of limitation for filing a habeas petition under 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

[3] Petitioner did not argue timeliness under subsections (B) through (D).

5

convictions became final in the 1990s and when he filed the state habeas petition in July 2008, even tolling for all other collateral proceedings. Petitioner failed to carry his burden of proof to rebut the untimeliness of his petition. Accordingly, petitioner failed to timely file the instant petition, and I must dismiss it unless I equitably toll the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstances in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

C.

Even if the petition was timely filed, petitioner is not entitled to his requested relief. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal

court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). Furthermore, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. ___, ___, 130 S. Ct. 841, 849 (Jan. 20, 2010). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

After reviewing the record, I find that petitioner fails to overcome the deferential review of Virginia's habeas proceedings. Petitioner does not suggest that he was not the person present for his convictions. Instead, petitioner argues that the name associated with the criminal proceedings versus the name on his birth certificate warrants his immediate release from incarceration. However, petitioner has admitted in pleadings that he was "initially arrested and imprisoned on June 4, 1990"; "arrested and confined under the name Kevin Johnson"; and "the person who was brought before th[e] Court on December 8, 2008 and charged as the Defendant in th[e] Case of Commonwealth of Virginia v. Kevin Johnson, Case No. F08-688." (Pet'r's Aff. ¶¶ 5, 6; Pet'r's State Court Aff. (Resp't's Br. Supp. Mot. Ex. III (no. 10-8)) ¶ 1.) Furthermore, petitioner has continually been confined in the VDOC since 1991, and his subsequent convictions rely on his associated name and unique prison identification number. (Brown Aff. (Resp't's Br. Supp. Mot. Ex. I) ¶¶ 5-6.) Notably, petitioner fails to establish by clear and convincing evidence that the state courts resolved a factual issue incorrectly, and absent this showing, I presume the state court correctly determined his identity.[4] Accordingly, petitioner fails to establish that he is in custody in violation of the Constitution or laws of the United States, and I grant the respondent's motion.

III.

For the foregoing reasons, I grant the respondent's motion. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

---

[4] I also note that petitioner, a frequent litigator in this court, raised this same issue in a prior 42 U.S.C. § 1983 civil action. See Johnson v. Warner, et al., No 7:05-cv-00219 (W.D. Va. June 5, 2008) (order denying motion to vacate state criminal judgments).

8

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 31st day of March, 2011.

/s/ Jackson L. Kiser
Senior United States District Judge